first case united states versus Wishart. May it please the Court, Your Honor. I am Susanne Louvan, I represent Mr. Wishart. I'm going to address the issues in different order than they appear to me in my brief to see if I can get them all in my 10 minutes, the obstruction of Justice enhancement first. The cases defining application of note eight to 3C1.1 require a close relationship between the plaintiff and the plaintiff's client. In this case, there was no underlying offense identified as having a relationship with the obstructive conduct. In this case, the count that was the obstructive conduct is sending threatening letters to the revenue agents, the collection agents, who audited my client and sought to collect his outstanding taxes, not people who were investigating him for the charges that eventually were  conversation where my client's lawyer, who is a lawyer who audited my client, called and Mr. Jacoby told him to lean them up, which is what he then did with these letters, to stop and explicitly said that would stop the revenue agents from their collection effort. That was the goal of that behavior, that offense, and the government has not demonstrated that there was any offense with respect to which that obstructive conduct occurred. Such as? What case authority are you relying upon to support your argument? Your Honor, these cases out of other circuits, because it's kind of a fine point, Dengen and McGovern both say they have examples where there's fraud and then there's submitting false information to the auditor who is investigating the fraud. That's in McGovern. And in Dengen, these are cited in my brief. But nothing in the Ninth Circuit supports your argument? There's nothing exactly on point in the Ninth Circuit that I found, anyway, and I think not that the government found. Perjury is the example given in the guidelines, and that's also in the Dengen case, where they lied, and then they lied about the crime. And, you know, there's a lot of information that they were being investigated for. That was FBI. And what language ‑‑ so Dengen is a district court case from New York, right? And what language specifically in Dengen are you relying upon to support your argument? You know, Your Honor, without grabbing the case and finding the specific point in my brief, but I can do that in advance of my rebuttal while the other lawyer is speaking, if you'd like. But certainly, McGovern explicitly said that there was no fraud involved. And that's a very broad phrase.   So, as I said, the government says that there needs to be a close relationship. And I'm also relying on the language in the guideline itself where it says, with respect to which, which implies that the person is obstructing justice with regard to or relating directly. Respect to is a very broad phrase. There is not an offense that the government has identified that this obstructive conduct, that those ‑‑ even that broad of a phrase, fits. He was not charged with any conduct that was not appropriate for the defendant. He was not charged with anything that he lied about or that he hid evidence about. And the case that the government cites Shetty does not apply because it was not a separate charge for hiding the money that Mr. Shetty hid in a Swiss bank account. And clearly, the money that he hid would have been evidence of the offenses that he was being investigated for. So, this case, because the harm was the same, was financial harm, should have been grouped without the enhancement. It should have just been grouped with the other offenses. What sentencing guideline are you talking about? You mean which year? Which guideline? Are you talking about 3C1.1? 3C1.1. But there's Note 8, Application Note 8, which was raised in the district court, that says it's basically a double-counting prevention. It says that if ‑‑ that you only add this if the obstructive offense was with respect to which another offense. With respect to which any charged underlying offense. That's the language. Okay. If there are no other questions on that point, I'll move on to the next, the official victim enhancement, which is another example of double-counting in this case. In the sentencing of Mr. Wishart, the application Note 3, and this is to 3A1.2, explicitly cautions the court not to use the enhancement where the official status of the victim is an element of the offense. Now, to counter this, the government argued at sentencing that the omnibus  clause of conviction or the offense of conviction. But clearly, the language of the statute talks about two different kinds of harm. Harm to ‑‑ or, you know, targets of the conduct and harm to that target. What did the indictment charge? The indictment says ‑‑ has language from both clauses. It says, did corruptly endeavor to obstruct due administration of the internal revenue laws of the state. And the second clause, which is language that is both the title of the whole section and appears in the second clause, in the omnibus clause. And then it says, by sending false liens to agents acting in their official capacities, which is the language from the first clause, the any officer clause. Clearly, the conduct was attacking or attempting to stop these officers in their duties. And that statute, that part of the statute is directed toward protecting or preventing people from taking action against officials, against corrupt officials. And the other omnibus clause says, by any other means, or here, in any other way, corruptly, et cetera, et cetera, attempts or endeavors to obstruct or impede the administration of this title. So anything other than directing individual officers or agents would fall under the omnibus clause. So in this case, both because the indictment talks about the individuals and because the evidence at trial clearly was that letters were sent to these individuals. And that was the basis for that conviction. So that was another example of double counting. Now, I'd like to go to the argument that the district court's refusal to modify the courtroom protocols denied my client the right to effectively represent himself in denial of his rights to due process. Can you explain again the official victim enhancement before you go on to that? Okay. The official victim enhancement allows for a two-point enhancement in any situation where the target of conduct is an official of the United States. Are you basically saying both of these enhancements are double counting? They are. Yes. Okay. Go ahead. Is that it? Yes. Good enough. Okay. Yes. So we got four levels additional based on those enhancements. With regard to the ADA argument, as I stated in both my opening brief and my reply brief, we're not making a claim under the ADA, but rather by analogy, arguing that the court was obligated, based on its foreknowledge of my client's serious mental difficulties and emotional problems, which the court commented on, in order to competency exam, because the judge noted that he was, in his opinion, the judge used the words he had an utter failure to grasp reality. But you're contending there's some obligation beyond the Feretta obligation to let him know that you're making a stupid choice and that you aren't going to be able to do a good job and you ought to have a lawyer? The argument is beyond that. If an individual wants to represent himself but he's blind, there's no court that would not provide some kinds of accommodations to allow for that. For example, simultaneous oral transcription or braille, I don't know what they would provide, but they would certainly, same with a deaf litigant. Well, what do you do for attention deficit disorder? Well, there were a lot of suggestions that were made by a doctor shortly afterwards, and among those would be more breaks during the trial, and I particularly suggested that there could be breaks, you know, maybe half-day court sessions, which many courts hold anyway if they have calendars. But, counsel, how can the court be charged with making accommodations that were requested after the fact? Well, the court, under the ADA, and certainly the court was aware, the individual does not have to make an official request, and this gentleman did not know what he was entitled to. ADA doesn't apply. I understand, Your Honor, that I'm not applying the ADA, per se, to the Federal Court, but the judge was. Your argument is if it does. You say, in other words, he doesn't have to make a request. That's under the ADA. That's not under ordinary, you know, constitutional or criminal procedures. You can't claim error unless you raise it in the trial court. This defendant made clear to the trial judge, I think it was a year before trial, it was in March 01, that he had been diagnosed with these problems. That's not enough. And he asked for it. In fact, he asked to tell, you know, if you expect some relief, he asked to tell the trial judge, well, this is my limitation, this is how much I can do, and I have to have this accommodation to do this and so forth. He didn't say anything like that. Right? That's correct, Your Honor. He asked for additional time, which he got. In other words, you're claiming error that was not raised in the trial court. Well, I have argued in my brief that notwithstanding the government's argument that plain error applies, that in fact, because it was raised in the sense that the judge was aware of his diagnoses, that he required some additional accommodations, changes that the judge could have made. You've just about used your time. We'll give you a minute for rebuttal. Thank you, Your Honor. May it please the Court. My name is Karen Quinnell, appearing on behalf of the United States. As to the obstruction enhancement, the government at sentencing argued that the obstruction enhancement related to count one of the indictment, which was the submission of the phony comptroller warrant from the Freeman to the IRS, and that the defendant was attempting by that to impede and impair the agents who were conducting the investigation. And in fact, as soon as the agents received that warrant, they sent that to both the Internal Revenue Service for criminal investigation. Therefore, the ---- But which enhancement are you referring to, the obstruction enhancement? That's the 3C1.1. Okay. So there is indeed a close relationship between the obstructive conduct and ---- But her point is that for the underlying offense, and she's saying because it's not exactly the same offense, the obstruction enhancement does not apply. What's your response? Well, it certainly does not have to be the same offense. Indeed, if you look at the language of 3C1.1, it says the obstructive conduct related to the defendant's offense of conviction in any relevant conduct or a closely related offense. So it includes relevant conduct or a closely related offense. And clearly in this case, his entire course of conduct, which was over 20 years, was aimed at preventing the IRS from being able to adequately investigate and collect any taxes. So this is all ---- So you agree this is all part of the same course of conduct. It all has the same objective. It all is related. So why do you get him ---- you get him for obstruction of the Internal Revenue Service, you get him for making a false claim for mail fraud, and then you, on top of those, you want to put an obstruction of justice. Aren't you doing the same thing twice? The mail fraud count is for a private victim. It's not related to the Internal Revenue Service at all. Okay. Well, is that what this was imposed on then? No, no. The defendant sent these comptroller warrants to at least two entities. One was Bayview Bank, which was the mortgage company that held the mortgage on his  And the other one was the Internal Revenue Service. And the reason that we get the additional bump is that under 3C1.18, if you have an obstruction offense and an underlying offense to which the obstruction relates, you group those two together. So the guidelines account for the possible double-counting problem by grouping those two together as if there were ---- and then you determine one offense level for that group, and then you add two for the obstruction. So there is, in fact, only double-counting that is allowed by the guidelines, and the cases are uniform that double-counting is appropriate except where it's prohibited. And in this case, the double-counting is specifically taken care of by Application Note 8 to 3C1.18. So the underlying offense was sending the false warrant and the obstructive conduct was the threat? That's correct. As to the official victim, that is actually a three-point enhancement. And, again, to the extent you want to view this as double-counting, it's appropriate. Well, what's the ---- who's the official victim? The official victims were the agents and their spouses, because the official victim guideline also covers family members of the official victims. Isn't that all part of the same thing, too? Well, yes, it's all part of the ---- certainly all of this is part of the same course of conduct. And what we're trying to do here is apply the guidelines to figure out what number we're going to give to that conduct. And under 3A1.1, if victims of the offense are official employees of the Federal Government and their ---- and or their spouses, then an additional three points are applied. But, Counsel, you can't impede the Internal Revenue Service without involving an official of the United States, can you? Well, the indictment in this case charged the defendant with a corrupt endeavor to obstruct and impede the due administration of the Internal Revenue Service. Wasn't there a reference also to officers in there, though? It says ---- The indictment had both concepts. Well, they were identifying the persons to whom he sent the UCC-1 forms and identified them as Colbert Tang and Daniel Sutherland acting in their official capacity. So couldn't that be construed as an official victim charge? Well, the court also considered the status of the wives of the victims. But they ---- the status goes with the officials, doesn't it? The court felt, well, it goes to the officials or the ---- or their family members. They filed a lien. They were trying to put liens on property. Right. $200 million. They necessarily involved the wife collaterally because she's on the deed. But there's no separate intent to get the wife as this guideline ---- Well, they specifically ---- he specifically named the wives in the UCC-1 forms that he sent. And the court found that this had caused, you know, a particular harm to the agents and their spouses, their families, and that the enhancement was appropriate. So, counsel, if the indictment merely said that the defendant interfered with the officials, then the enhancement would not apply. Would you agree with that? If the indictment had charged the defendant with intimidating them by force or threats of force? If the indictment had said that the defendant corruptly endeavored to obstruct ---- no, corruptly endeavored to intimidate public officials acting in their official capacities, would the enhancement apply? Well, as the courts have ---- as the courts have parsed 7212, they've sort of broken it into two different clauses. Right. One is this omnibus clause, the corrupt endeavor to impede the due administration. Right. So if you didn't have the ---- that clause. If we didn't have that language. Right. Then it ---- then the 7212 offense would have been sentenced under, I believe, 2A1.2. If you just had that there was an interference with the official, public official. Correct. And that, then 7212 wouldn't apply at all. That's correct. Then, well, 7212 would apply, but you would ---- under the guidelines, there's a couple of different base offense level calculations that you can do for 7212, depending on the nature of the conduct. And if the nature of the conduct is more in the nature of what we call the omnibus clause, a corrupt endeavor to impede the administration of the Internal Revenue Code, then it is sentenced under 2J1.1. And if you look at the application notes under the official victim statute, they say when they're discussing offenses that include the status of the victim, those are, for example, beating up an officer, things like that. They're sentenced under 2A. And it says specifically if you're sentencing the defendant under those kind of guidelines, then you do not apply. Isn't that driven by the indictment and how you charge the case? And the nature of the offense as the evidence at trial. Right. Wouldn't this have been cleaner if you had just put in there that the defendant corruptly endeavored to obstruct and impede the due administration of the revenue laws by sending the false warrants without including the language about the public official? I agree, Your Honor. The Court would have to sentence him under a different base offense level, though, if he was going to not include the public official status, because he would have had to have sentenced him under the 2A guidelines. But that's the problem, though. It seems like you're bootstrapping and, you know, getting the defendant coming and going. I didn't do the calculations, so I don't know what the offense level would have been under 2A1. I think it's 2, but I'm not sure. So I can't make the comparison between what the sentences would be. If you would like, I'd be happy to do that and send you a little note when I return. Okay. As to the defendant's claim, which apparently is no longer a claim under the ADA, he can't establish that he suffered any prejudice from the district court's handling of his request to proceed pro se. The defendant was found to be competent. The Court explained to him time and again the risks, disadvantages, problems he might face representing himself. The defendant knowingly and intelligently waived his right to counsel. At that point, Ferretta required the district court to allow him to proceed pro se. The district court made every modification or accommodation that the defendant requested. When the defendant requested additional time to either get evaluated or obtain treatment, the court gave him in excess of nine months to do that. The court granted the defendant breaks when requested generally, and he also appointed standby counsel so that defendant would not be on his own in the courtroom. Unless the Court has any further questions, we would ask that the conviction be affirmed. Thank you. Thank you, Your Honor. Thank you. First, on the official victim enhancement, I urge the Court to look again at the title of Section 7212, which uses the language that the government is relying on for its claim that it falls under the other clause, because that's the language of the whole ñ that's the title of the whole statute. So what the indictment is saying is he violated this statute, and then by doing what? By sending a letter to these people in their individual ñ in their official capacities. And second, at the bottom of that section, it says the term ìthreats of forceî applies also to families. So the district court's logic that the wives were somehow not accommodated by that statute is incorrect, because it's included with respect to both ñ both ñ or it doesn't say with respect to both clauses, because, of course, the statute doesn't break it into clauses. That was something that the courts have done. And with regard to the issue of prejudice, there are ñ the record is rife with examples of the kind of behavior that this individual was driven to by his emotional and mental problems. He spouts rhetoric and dogma straight out of the Freeman instructions, and he challenges the wiretap by finding if the monitors were practicing law without a license. The judge many, many times throughout the testimony of the most important witness had to keep repeating to the defendant how the procedures of the court were ñ You have used your time. Thank you. Thank you, counsel. The case just argued is submitted for decision.
judges: Schroeder, Tashima Rawlinson